IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHELENA GARRETT, as | ) | |
| Administratrix for the Estate of Henry | ) | |
| Lewis Garrett, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-972-WKW |
| | ) | [WO] |
| CORIZON, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are two motions to dismiss and a motion to set aside service. Defendants Corizon LLC, Jefferson Dunn, and Ruth Naglich filed the first motion to dismiss. (Doc. # 19.) Defendants Jerry E. Robbins and Shahla Poursaied filed the second. (Doc. # 45.) These motions are due to be granted in part and denied in part. Additionally, based upon the court's inherent authority, Plaintiff will be required to replead her shotgun complaint. Therefore, the motion to set aside service (Doc. # 26) is due to be denied as moot.

## I.  BACKGROUND

Henry Lewis Garrett was incarcerated in Alabama Department of Corrections (ADOC) facilities from July 29, 2013, to June 13, 2016. (Doc. # 1, at 8–11.) On July 11, 2016, Mr. Garrett was diagnosed with stage 3 lung cancer, and

he passed away as a result on November 17, 2016.  (Doc. # 1, at 12.)  While Mr. Garrett was incarcerated, he was dependent on Defendants for medical services.  (Doc. # 1, at 2.)  Plaintiff, Administratrix for Mr. Garrett's estate, alleges that Defendants' inadequate medical care resulted in Mr. Garrett's contracting cancer and ultimately in his death.  Plaintiff filed her complaint on November 16, 2018 — two years, four months, and five days after Mr. Garrett was diagnosed with cancer.

Plaintiff brings claims for deliberate indifference to serious medical needs in violation of the Due Process Clause of the Fourteenth Amendment (Count One); denial of due process purportedly under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments (Count Two); wrongful death (Count Three); negligent hiring, training, supervision, and/or retention (Count Four); and wanton conduct (Count Five).  (Doc. # 1, at 12–18.)  Counts One, Two, and Three purport to be federal-law claims under 42 U.S.C. § 1983.  Counts Four and Five are state-law claims.

Defendants Corizon LLC, Dunn, Naglich, Robbins, and Poursaied seek dismissal under Federal Rule of Civil Procedure 12(b)(6) of Counts One and Two arguing that those claims are untimely.  They also seek dismissal of Counts Four and Five on grounds that those claims do not survive the decedent's death and are untimely.  (Docs. # 19, 45.)  Additionally, Defendants Dunn and Naglich seek

2

dismissal of Count Three on the basis of qualified immunity.  (Doc. # 19.)
Furthermore, Defendant Corizon seeks to set aside service on Defendants Wolke,
Shell, Geonagan, Barefield, Daniel, Whitaker, Robbins, Poursaied, Hooper, Baker,
and Hamilton.  (Doc. # 26.)

## II.  JURISDICTION AND VENUE

This court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331,
1343, and 1367.  Personal jurisdiction and venue are uncontested.

## III.  STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the
sufficiency of a complaint against the legal standard articulated by Rule 8: "a short
and plain statement of the claim showing that the pleader is entitled to relief."  Fed.
R. Civ. P. 8(a)(2).  The court accepts the plaintiff's factual allegations as true,
*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes "them in the
light most favorable to the plaintiff[]," *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th
Cir. 1993).  "A plaintiff's obligation to provide the grounds of his entitlement to
relief requires more than labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S.
544, 555 (2007) (cleaned up).  To survive a motion to dismiss, a complaint need
not contain "detailed factual allegations."  Instead, it must contain "only enough

facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## IV.  DISCUSSION

**A.**  **Counts One and Two plead a plausible basis for tolling Alabama's two-year statute of limitations.**

Because a statute-of-limitations bar is an affirmative defense, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citation and internal quotation marks omitted).  Where the complaint pleads a plausible basis for tolling the statute of limitations, dismissal is not appropriate.  *Cf. Henderson v. Reid*, 371 F. App'x 51, 54 (11th Cir. 2010) (affirming 12(b)(6) dismissal on statute-of-limitations grounds where the plaintiff filed the complaint outside the limitations period and his complaint did not "plausibly allege any facts showing that he is entitled to equitable tolling"); *Brown v. Montgomery Surgical Ctr.*, No. 2:12-CV-553-WKW, 2013 WL 1163427, at *11 (M.D. Ala. Mar. 20, 2013) ("[W]here the complaint's allegations facially demonstrate that the claim is untimely and omit allegations to support equitable tolling, the plaintiff generally cannot survive a motion to dismiss on tolling grounds.").

4

Counts One and Two (deliberate indifference to serious medical needs in violation of the Due Process Clause of the Fourteenth Amendment and claims under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments) are brought under 42 U.S.C. § 1983. (Doc. # 1, at 14–15.) Defendants seek dismissal of these claims (Docs. # 19, 45) on grounds that they are barred by Alabama's two-year statute of limitations. Because the complaint pleads a plausible basis for tolling the statute of limitations, Defendants' argument does not support Rule 12(b)(6) dismissal of Counts One and Two.

### 1. *The statute of limitations began running at the latest on July 11, 2016.*

Federal courts apply a "forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (per curiam). "[T]he two-year limitations period of Ala. Code § 6-2-38(*l*) applies to section 1983 actions in Alabama." *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). "The statute of limitations begins to run from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (per curiam) (cleaned up).

Plaintiff believes the two-year clock should begin when Plaintiff received Mr. Garrett's medical records after he passed away, instead of the date Mr. Garrett was diagnosed with cancer, because

> there was no way for Plaintiff to know or should have known [*sic*] of the extent of deceased [*sic*] medical conditional [*sic*] or that the deceased had the opportunity to be diagnosed for his severe medical condition while incarcerated.  Plaintiff did not have access to the deceased [*sic*] prison medical records.  Although Mr. Garrett died on November 17, 2016, Plaintiff was not aware of any symptoms of lung cancer being present prior to receiving the deceased [*sic*] prison medical records on or about April 4, 2018.

(Doc. # 28, at 6–7.)

Even if Plaintiff, Mr. Garrett's mother, did not learn about her son's cancer diagnosis until after he died, the facts in the complaint indicate that Mr. Garrett did know about his diagnosis.  At the latest, it should have been apparent to Mr. Garrett that he had a cause of action when he was formally diagnosed with lung cancer on July 11, 2016.  (Doc. # 1, at 11–12.)

Plaintiff does not cite any authority for her contention that the limitations clock should have begun only after Mr. Garrett's death, and independent research did not uncover any law that supports her argument.  There is contrary authority, however.  The Tenth Circuit's recent handling of a factually similar case, *Lawson v. Okmulgee County Criminal Justice Authority*, 726 F. App'x 685, 691 (10th Cir. 2018), is persuasive.  In *Lawson*, a deceased prisoner's estate brought § 1983

6

claims for deliberate indifference to the deceased's serious medical needs while in prison. The Tenth Circuit found that the two-year statute of limitations that applied to the decedent applied to the estate as well because the vicarious plaintiff stepped "into the injured party's shoes for all purposes." *Id.* at 690 (cleaned up). The court found that "the relevant inquiry is when [the decedent] — not [the plaintiff estate] — knew or had reason to know of his constitutional injuries." *Id.* at 691. The claims were time-barred because "the estate's claims accrued *at the latest* when [decedent] learned he had cancer," yet the estate did not file its claims until twenty-six months after the decedent's cancer diagnosis — two months after the two-year limitation had lapsed. *Id.*

Because it was Mr. Garrett's rights that were allegedly violated in Counts One and Two, the applicable two-year clock started ticking (at the latest) on July 11, 2016, when Mr. Garrett learned of his cancer diagnosis and thereby was made aware of his constitutional injuries.

## 2. *The statute of limitations was tolled for six months, from Mr. Garrett's death on November 17, 2016, to May 17, 2017.*

"Federal courts must look to state law" not only to determine the applicable statute of limitations, but also to determine "whether that limitations period is tolled." *Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Under Alabama law, "[t]he time between the death of a person and the grant of letters testamentary

or of administration, not exceeding six months, is not to be taken as any part of the time limited for the commencement of actions by or against his executors or administrators." Ala. Code § 6-2-14.

Mr. Garrett passed away on November 17, 2016. Plaintiff was appointed as administratrix on October 20, 2017. (Doc. # 28, at 7.) Eleven months and four days passed between Mr. Garrett's death and the appointment of Plaintiff. Alabama's tolling provision adds six of these months to the statute of limitations, thereby extending the filing period to two-and-a-half years. § 6-2-14. Therefore, the complaint pleads a factual basis for equitable tolling for six months after Mr. Garrett's death on November 17, 2016. Plaintiff filed this suit two years and four months after Mr. Garrett's cancer diagnosis — the latest date the statute of limitations clock started running. Accordingly, Counts One and Two are not barred by Alabama's statute of limitations because the complaint presents a plausible basis for equitable tolling.

**B.   Qualified immunity is not a defense to the official-capacity claims in Count Three brought against Dunn and Naglich.**

Count Three is a wrongful death claim under 42 U.S.C. § 1983. "[W]hen a constitutional violation actually causes the injured party's death, a § 1983 claim can be asserted through the Alabama wrongful death statute, Ala. Code § 6–5–

8

410." *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1047 (11th Cir. 2011).

Defendants Dunn and Naglich seek to have Count Three dismissed because they "are clearly protected by the doctrine of qualified immunity." (Doc. # 20, at 7.) Not so. Qualified immunity is not a defense to the § 1983 claims against Dunn and Naglich because in Count Three Plaintiff is suing them only in their official capacity as opposed to their individual capacity. (Doc. # 1, at 1, 3, 4.) It is well-settled that qualified immunity only "protects governmental officials who are sued under 42 U.S.C. § 1983 for money damages in their personal, or individual, capacities." *Fish v. Brown*, 838 F.3d 1153, 1162 (11th Cir. 2016). Because Dunn and Naglich are being sued in their official capacity only, qualified immunity is not a defense to the claim in Count Three against them.[1]

## C.   <u>Counts Four and Five are partially barred by Alabama Code § 6-5-462.</u>

Counts Four and Five (negligent hiring, training, supervision, and/or retention; and wanton conduct) are state-law claims governed by Alabama law. The claims in Counts Four and Five allege that Defendants' conduct caused Mr. Garrett to contract cancer and caused his death. Defendants seek dismissal of these

---

[1] In their motion to dismiss, as to the § 1983 official-capacity damages claims in Count Three, Dunn and Naglich did not raise Eleventh Amendment immunity or argue that they are not "persons" under § 1983. Because Plaintiff will be directed to amend her shotgun complaint and because Defendants have not raised these grounds for dismissal, the court does not address them.

claims under Alabama Code § 6-5-462 on grounds that they should have been filed before Mr. Garrett's death.  (Docs. # 19, 45.)  The court agrees only in part.

The "rule is that under Ala. Code 1975, § 6-5-462, an unfiled tort claim does not survive the death of the person with the claim."  *Malcolm v. King*, 686 So. 2d 231, 236 (Ala. 1996).  "Under the Alabama survivorship statute, Ala. Code § 6-5-462, unfiled personal injury claims [that do not allege that the defendant caused the decedent's death] do not survive the death of the injured party."  *Gilliam*, 639 F.3d at 1043.  To the extent that Counts Four and Five seek relief for pre-death personal injuries, the claims do not survive Mr. Garrett's death.

However, the parts of Counts Four and Five that contend that Defendants' conduct caused Mr. Garrett's death are wrongful death claims.  These claims may be brought under § 6-5-410(a), which provides "the sole remedy for the tortious infliction of death" in Alabama.  *King v. Nat'l Spa & Pool Inst., Inc.*, 607 So. 2d 1241, 1248 (Ala. 1992).

## D.   <u>Plaintiff's shotgun pleading must be repleaded.</u>

Like a bird hunter sweeping a shotgun skyward across the general direction of a flying flock, hoping the shot[2] will do the thinking for him, this shotgun complaint aims generally in the direction of multiple claims and multiple

---

[2] "Shot" in this context is plural.  Shotgun shot contains multiple projectiles.

defendants.   However, whereas the bird hunter may score a bird or two, the complainant's shotgun pleading backfires for lack of clarity required by the Federal Rules of Civil Procedure.  Each allegation in a complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1). The complaint must also "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

> The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co*., 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests" (cleaned up)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit.  *Weiland*, 792 F.3d at 1320.  There are four types of shotgun pleadings:  (1) pleadings that contain multiple counts where each count

11

adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint; (2) pleadings that are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) pleadings that do not separate each cause of action or claim for relief into a different count; and (4) pleadings that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.* at 1321.  Plaintiff's shotgun complaint is primarily a hybrid of types one, three, and four.

The complaint falls into the first category because each of the five counts adopts and re-alleges every preceding allegation, filling each count with allegations that are not necessarily relevant to that particular count.  This court has warned against such a practice:

> Rote and repeated incorporations by reference fill each count "with factual allegations that could not possibly be material to that specific count," flouting the Rule 10(b) requirement to plead separate claims in separate  counts. *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  It is not enough to clearly incorporate all facts pleaded in the complaint . . . as Plaintiff has done; rather the supporting facts must be pleaded in the count asserting the cause of action.  *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006).

*McCall v. Bank of Am., N.A.*, No. 2:16-CV-184-WKW, 2016 WL 5402748, at \*2 (M.D. Ala. Sep. 26, 2016) (cleaned up).  Plaintiff recites facts and claim elements only to re-allege them by reference in successive, quasi-related counts.  The beginning of each count states that "Plaintiff adopts and realleges each preceding paragraph as if fully set forth herein."  However, the incorporation-by-reference paragraphs fill counts asserted against only some Defendants with allegations relevant to counts against all Defendants and vice-versa.  This issue transports the complaint into a type-four shotgun complaint as well.  Count One lists all Defendants in both their official and individual capacities, but the specific allegations are only against entities Corizon and ADOC.  (Doc. # 1, at 12.)  Counts Two and Three refer to "Defendants," but it is unclear what allegedly unconstitutional acts each Defendant committed and whether Defendants are named in their individual capacity, official capacity, or both.  (Doc. # 1, at 14–16.)  Count Four lists Defendants Corizon and ADOC and Dunn, Naglich, Estes, and in both their official and individual capacities, but fails to state their individual wrongful acts.  (Doc. # 1, at 16–17.)  And Count Five once again refers to "Defendants," in the plural, and it is again unclear which, and whether in their individual capacity, official capacity, or both.  (Doc. # 1, at 17–18.)

Additionally, the combination of myriad claims in Count Two illustrates why the complaint is a type-three shotgun complaint as well.  Count Two broadly alleges deprivation of rights under the "Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the Alabama Constitution in violation of 42 USC §1983."  (Doc. # 1, at 15.)  The court is thus unable to discern whether Plaintiff has stated a claim against some or all Defendants, and Defendants cannot be expected to formulate an intelligent responsive pleading.

"When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).  "In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings."  *Id.*  Therefore, the complaint will be dismissed without prejudice to give Plaintiff an opportunity to refile according to the Federal Rules of Civil Procedure and the instructions in this Order.  The noted deficiencies in the complaint are illustrative but not exhaustive.  When Plaintiff repleads, she should identify which specific acts by which specific actors give rise to which claims,

excising threadbare legal conclusions, and should strictly adhere to Rules 8(a)(2) and 10(b).

**E.  <u>The motion to set aside service will be denied as moot.</u>**

Because Plaintiff will need to replead, the motion to set aside service will be denied as moot.  However, Plaintiff is reminded to pay careful attention to Federal Rule of Civil Procedure 4 in effecting service of process.  Not adhering to the service of process rules, and then essentially arguing "but it was done this way in the past, and no one complained" (*See* Doc. # 29, at 3) is far from a panacea or binding precedent.  Additionally, if process is not properly served, Defendants are reminded to raise this defense on their own behalf.  The court is not aware of legal justification for allowing Corizon to raise a service of process defense on behalf of other defendants, and Corizon has cited no such authority.

## V.  CONCLUSION

Based on the foregoing, it is ORDERED that the Motions to Dismiss (Docs. # 19, 45) are GRANTED in part as follows: The portion of Counts Four and Five that seek relief for pre-death personal injuries do not survive Mr. Garrett's death and are therefore DISMISSED.  The motions (Docs. # 19, 45) are otherwise DENIED.

The motion to set aside service (Doc. # 26) is DENIED as moot.

It is further ORDERED that Plaintiff is GRANTED until **June 11, 2019,** to file an amended complaint that comports with the pleading requirements.

Failure to file an amended complaint by this deadline will result in dismissal of this action.

DONE this 28th day of May, 2019.

_____/s/ W. Keith Watkins_____
UNITED STATES DISTRICT JUDGE

16