IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHELENA GARRETT, as Administratrix for the Estate of Henry Lewis Garrett, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:18-CV-972-WKW [WO] |
| CORIZON, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the court are Defendants Sharon Hamilton, Elaine Shell, Charles Hooper, Donna Daniels, Marianne Baker, and Wanda Whitaker's motions to set aside service. (Docs. # 67–72.) For the reasons below, the motions are due to be granted.

These motions are the second attempt to set aside service on behalf of these Defendants. The court found moot Defendants' initial motion to set aside service (Doc. # 26) because Plaintiff was ordered to amend her shotgun complaint. (Doc. # 53, at 15.) In that order, Plaintiff was "reminded to pay careful attention to Federal Rule of Civil Procedure 4 in effecting service of process." *Id.* But service of the amended complaint on these Defendants suffers the same defects as service of the original complaint.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, 718 F. App'x 786, 790 (11th Cir. 2017) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). Where validity of service is contested, "the standards of proof governing motions to dismiss for lack of personal jurisdiction are applicable." *Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (per curiam) (citations omitted). "Initially the defendant has the burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4." *Fru Veg Mktg. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1182 (S.D. Fla. 2012) (cleaned up). However, ultimately, "[a]s with a challenge to jurisdiction, . . . the party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1138 (5th Cir. 1980) (citations omitted). Service on individuals like these Defendants may be performed by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (B) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Defendants move to set aside service because the amended complaint was either signed for by a correctional facility individual who had no authority to accept service on their behalf (Docs. # 67–71) or simply delivered to the correctional facility, but not signed for (Doc. # 72). On July 1, 2019, the court ordered Plaintiff to "show cause, if any there be, on or before July 10, 2019, why the motions to set aside service should not be granted." (Doc. # 85.) Plaintiff did not take the opportunity to respond. There is no evidence that Defendants were properly served — either in person or through an agent — as required by Federal Rule of Civil Procedure 4(e). Therefore, Plaintiff did not meet her burden to prove that Defendants were properly served.

Accordingly, it is ORDERED that the motions to set aside service (Docs. # 67–72) are GRANTED pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Service on Defendants Sharon Hamilton, Elaine Shell, Charles Hooper, Donna Daniels, Marianne Baker, and Wanda Whitaker is SET ASIDE. It is

further ORDERED that all claims against the above Defendants are DISMISSED without prejudice.

DONE this 22nd day of July, 2019.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE