IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SHELENA GARRETT, As the Administratrix for the Estate of Henry Lewis Garrett, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:18-cv-972-RAH-WC |
| CORIZON LLC, *et al.*, | ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

Before the Court is the Supplemental Motion to Dismiss filed by Defendants

Jefferson Dunn (Dunn), Commissioner of the Alabama Department of Corrections

(ADOC), and Ruth Naglich (Naglich), Associate Commissioner of Health Services

of the ADOC, both of whom have been sued in their official capacities. (Doc. 116.)

The Plaintiff, Shelena Garrett, as the Administratrix for the Estate of Henry Lewis

Garrett (Estate), has filed a response (Doc. 118), and Dunn and Naglich have filed a

reply (Doc. 119).   The Court will GRANT the motions for the reasons set forth

below.

I.     BACKGROUND

Henry Lewis Garrett was incarcerated in ADOC facilities from July 29, 2013

until his release on June 13, 2016. (Doc. 54, pp. 7, 10.)  During that time, Garrett

1

sought medical treatment for a variety of complaints and conditions, including severe headaches, hypertension, rectal pain, tooth pain, and sore throats. (Doc. 54, pp. 7-10.) However, Garrett was never diagnosed or treated for cancer.

Approximately eleven days after his release from the ADOC, Garrett was diagnosed with Stage IV cancer that had spread from his lungs to his brain. (Doc. 54, p. 10.) Garrett died as a result of his cancer on November 17, 2016. (Doc. 54, p. 10.)

Garrett's estate filed this suit against a host of correctional and medical officials and employees, alleging that they failed to investigate and diagnose the cancer that ultimately resulted in Garrett's death. The Estate brings claims for monetary damages for deliberate indifference to Garrett's serious medical needs (Count I); cruel and unusual punishment (Count II); wrongful death (Count III); negligent hiring, training, supervision, and/or retention (Count IV); and wanton conduct (Count V). Counts I and II purport to be federal law claims under 42 U.S.C. § 1983, and Counts III, IV and V are state law claims.

As the Estate alleges in its Complaint, the ADOC "is the administrative department of the state of Alabama responsible for administering and exercising the direct and effective control over the penal and corrections institutions throughout the state of Alabama" and "is an instrumentality of the state of Alabama." (Doc. 54, pp. 4-5.) Dunn and Naglich are officials within the ADOC, with Dunn serving as the

"Commissioner of the Alabama Department of Corrections" and Naglich as the "Associate[] Commissioner of Health Services for the ADOC."  (Doc. 54, p. 3.)

Dunn and Naglich have filed a Motion to Dismiss (Doc. 64, 116), seeking dismissal under Federal Rule of Civil Procedure 12(b)(6) on all counts against them on grounds of immunity and failure to state a claim upon which relief can be granted.

## II.     JURISDICTION AND VENUE

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. Personal jurisdiction and venue are uncontested.

## III.    STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint against the legal standard articulated by Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes "them in the light most favorable to the plaintiff[]," *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead, must contain "only enough facts to state a claim to relief

that is plausible on its face." *Id*. at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## IV. DISCUSSION

### A. The Official Capacity Claims for Monetary Damages

Dunn and Naglich argue that all claims against them in their official capacities, which seek monetary damages only, should be dismissed based on Eleventh Amendment immunity grounds. (Doc. 65, p. 4.) The Court agrees.

A "suit against the State [of Alabama] and its [agencies for monetary damages] is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937)). This includes the Alabama Department of Corrections. *Pugh*, 438 U.S. at 782. No such consent can "be given under Art. I, Sec. 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'" *Id. See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984).

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is not different from a suit against the state itself." *Will v. Michigan Dept. of State Police*,

491 U.S. 58, 71 (1989) (citation omitted).  "[T]he eleventh amendment bar [on]

damages action[s] against a State in federal court ... remains in effect when State

officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473

U.S. 159, 169 (1985) (citations omitted).  This is true of officials within the Alabama

Department of Corrections who are sued in their official capacities for monetary

damages.  *See*, *e.g.*, *Holley v. Alabama Dep't of Corr.*, No. 2:15-cv-0439-WHA,

2015 WL 5102861, at *3 (M.D. Ala. Aug. 31, 2015); *Waites v. Limestone Corr.

Facility*, No. 5:14-cv-2181-CLS, 2015 WL 875431, at *3 (N.D. Ala. Mar. 2, 2015);

*Edwards v. Ala. Dept. of Corrections*, 81 F.Supp.2d 1242, 1251 (M.D. Ala. 2000).

Here, the Estate's claims against Dunn and Naglich, both of whom are sued

for monetary damages in their official capacities, are barred by Eleventh

Amendment immunity.  Therefore, all claims against Dunn and Naglich in their

official capacities are due to be dismissed.

## B. The Individual Capacity Claims

In its Opposition, the Estate argues that "qualified immunity does not shield

[them] in their individual capacities." (Doc. 92, p. 6.)  For their part, Dunn and

Naglich argue that the Estate has not sued them in their individual capacities.  When

called to its attention, the Estate states in a footnote that the First Amended

Complaint sues them in "both capacities." (Doc. 92, pp. 6-7.) A review of the First

Amended Complaint, however, shows that the Estate has not sued them in their individual capacities.

In its caption, the Estate identifies both Dunn and Naglich as being sued in their "official capacities" only. Similarly, in its description of them under the section entitled "Parties", the Estate confirms this—as to Dunn, it states that Dunn "is sued in his official capacity," and as to Naglich, it states the same. (Doc. 54, p. 3.) This contrasts with other defendants, such as Ira Wolke, Jerry Robbins, Elaine Shell, Shawn Geonaga and Shalla Poursaied, all of whom are expressly sued in their "individual and official capacit[ies]." (Doc. 54, pp. 4-6.)

The only attempt the Estate makes to state a claim against Dunn and Naglich in their individual capacities is a vague statement in Counts I and IV when they are lumped together with the other defendants. (Doc. 54, pp. 11, 16.) This was insufficient for the Court when it ruled on the motions to dismiss filed in response to the Estate's original complaint, and continues to be the case today. (Doc. 53, p. 9.) Granted, where the complaint is unclear on whether officials are sued personally, in their official capacity, or both, courts look to the course of the proceedings which will typically indicate the nature of the liability sought to be imposed. *See Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). However, it is not for this Court to revise the First Amended Complaint for the Estate or to interpret it in a manner that conflicts with the clear

6

descriptions provided by the Estate about the capacities under which each defendant is sued. *See Jackson v. Georgia Department of Transportation*, 16 F.3d 1573, 1576 (11th Cir. 1994) (district courts are urged to require plaintiffs to "identify the capacity in which they sued" the defendants "to ensure a more effective use of judicial resources."); *Smith v. Thomas*, No. 2:12-CV-125-WKW, 2012 WL 3062259, at *3 (M.D. Ala. July 26, 2012) ("Plaintiff cannot rely on the caption to establish a claim of individual capacity."). Indeed, the plaintiff has the duty to make plain in which capacities she is suing a state official. *See Colvin v. McDougall*, 62 F.3d 1316, 1318 (11th Cir. 1995). For this Court, it concludes that the Estate in its First Amended Complaint is suing Dunn and Naglich in their official capacities only, as that is how the Estate has identified and described them.

Nevertheless, even if the Court was to assume that the Estate has sued them in their individual capacities, such a pleading does not save the Estate's claims against Dunn and Naglich from dismissal. First, as to the Section 1983 claims, the Estate has failed to sufficiently plead a cause of action, especially since the apparent basis for Dunn's and Naglich's purported liability is through their roles as the Commissioner and Associate Commissioner of the ADOC. This pleading does not support a cause of action against them. *See Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 689 (1982) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)( "a suit by private parties seeking to impose a liability which must be paid

from public funds in the state treasury is barred by the Eleventh Amendment."); *see also Gamble v. Florida Dept. of Health & Rehab. Svcs.*, 779 F.2d 1509, 1513 (11th Cir. 1986) ("[T]he question is whether the plaintiff is reasonably seeking relief from the state coffers or from the individual's assets.").

Moreover, the First Amended Complaint is completely void of any specific allegations against Dunn and Naglich. To the extent qualified immunity is even applicable here, Dunn and Naglich have clearly shown they are within the doctrine's protection given the Estate's specious allegations against them in their role as supervisors. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To be eligible for qualified immunity, an official must establish they were acting within their discretionary authority. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). Accepting as true the facts alleged in the First Amended Complaint, Dunn and Naglich were acting within the scope of their discretionary authority as supervisors when their "actions were undertaken pursuant to the performance of [their] duties and within the scope of [their] authority." *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988) (quotation marks omitted). Once the defendants

establish that they were acting within their discretionary authority, the burden shifts

to the plaintiff to show that qualified immunity is not appropriate. *See Rich*, 841 F.2d

at 1564. The burden shifting requires the plaintiff to demonstrate a two-part test. *See*

*Pearson v. Callahan*, 555 U.S. 223, 236 (2009). One prong asks "whether [the]

plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*,

536 U.S. 730, 736 (2002) (quotation marks and citation omitted). The other prong

asks whether the constitutional violation was clearly established at the time of the

alleged wrongful conduct. *Pearson*, 555 U.S. at 232. The public official is entitled

to qualified immunity unless the plaintiff establishes both parts of the test; failure to

establish either prong (though it is not necessary to do so in a particular sequence)

dooms the plaintiff's case. *See Pearson*, 555 U.S. at 236.

As to whether the Estate actually has alleged a constitutional violation, it is

well established that § 1983 claims cannot be brought against supervisory officials

based on vicarious liability or *respondeat superior*. *See Keating v. City of Miami*,

598 F.3d 753, 762 (11th Cir. 2010). Yet, that apparently is what the Estate is

attempting to do here since the Estate has not alleged that Dunn and Naglich were

*personally* involved in the failure to diagnose or otherwise treat Mr. Garrett's

medical condition. Besides cursory and vague allegations that Dunn and Naglich had

duties "to hire, train and supervise for the provision of adequate medical care, to

provide sufficient funds to adequately maintain the facility, and provide

constitutional conditions of confinement," and to otherwise provide proper care to Mr. Garrett, (Doc. 54, pp. 11-13), nowhere in the First Amended Complaint are specific facts alleged stating what circumstances put Dunn and Naglich on notice that Mr. Garrett's treatment was inadequate. Without more, these allegations are insufficient to survive a motion to dismiss. *E.g., Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (plaintiff's allegations that correctional officials knew or should have known of a substantial risk to the plaintiff's health and safety, without additional facts alleged, was insufficient to survive motion to dismiss) ("Were we to accept that theory of liability, the deliberate indifference standard would be silently metamorphosed into a font of tort law—a brand of negligence redux—which the Supreme Court has made abundantly clear it is not") (citing *Goodman v. Kimbrough*, 718 F.3d 1325, 1331–32 (11th Cir. 2013)).

The Estate has also failed to allege sufficient facts that Dunn and Naglich violated clearly established law. "A government official's conduct violates clearly established law when, at the time of the alleged conduct, the contours of the right are sufficiently clear that every 'reasonable official would have understood that what he is doing violates that right.'" *Mikko v. City of Atlanta*, 857 F.3d 1136, 1146 (11th Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). The court "look[s] only to binding precedent—holdings of cases drawn from the United States Supreme Court, [the Eleventh Circuit], or the highest court of the state where the

[conduct] took place." *Id.* (last alteration in original) (quotation marks omitted).

Courts "do not require a case directly on point, but existing precedent must have

placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at

741. "Absent a controlling and factually on-point case, a plaintiff can overcome

qualified immunity only when 'the official's conduct lies so obviously at the very

core' of what the constitutional provision forbids 'that the unlawfulness of the

conduct was readily apparent to the official, notwithstanding the lack of caselaw.'"

*Adams v. Franklin*, 111 F. Supp. 2d 1255, 1264 (M.D. Ala. 2000) (citing *Smith v.*

*Mattox*, 127 F.3d 1416, 1419 (11th Cir. 1997)). Since the First Amended Complaint

is completely devoid of any specific allegations against Dunn and Naglich, the Estate

cannot show that their alleged violation of Mr. Garrett's rights "lies so obviously at

the very core" of what the Eighth Amendment forbids.

## V. CONCLUSION

Accordingly, for all of the above reasons, it is

ORDERED as follows:

(1) The Supplemental Motion to Dismiss (Doc. 116) filed by Defendants

Dunn and Naglich be and is hereby GRANTED;

(2) All of the Plaintiff's claims against Defendants Dunn and Naglich are

DISMISSED with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) and these defendants

are dismissed as parties in this action.

DONE, this 15th day of May, 2020.

                              /s/ R. Austin Huffaker, Jr.
                              R. AUSTIN HUFFAKER, JR.
                              UNITED STATES DISTRICT JUDGE